# IN THE COURT OF APPEALS OF IOWA

No. 20-1368
Filed June 30, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MATTHEW WILLIAM CHINDLUND,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pocahontas County, Kurt J. Stoebe, Judge.

Matthew Chindlund appeals his convictions following his guilty pleas to assault while displaying a dangerous weapon and criminal mischief in the third degree. **AFFIRMED.**

Kevin Hobbs, Johnston, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Matthew Chindlund appeals his convictions following his guilty pleas to assault while displaying a dangerous weapon and criminal mischief in the third degree. Chindlund argues his pleas "were not voluntary and intelligently provided given his mental incapacity." Having failed to establish he was incompetent at the time of his pleas or make a showing that a reasonable person would believe that there is a substantial question of his competency, we affirm Chindlund's convictions and sentences.

## I. Facts and Procedural History.

In July 2020, Chindlund attacked a CenturyLink employee who was working on a phone line near Chindlund's home. Chindlund accused the employee of wire-tapping his home. He chased the employee with a metal pipe and threatened to "beat his ass." Chindlund picked up the employee's work equipment and refused to return it. Chindlund was arrested and taken to jail. He was charged with assault while displaying or using a dangerous weapon. While in jail, Chindlund damaged a telephone, television, television wall stand, a steel table, and his cell wall. He was charged with criminal mischief in the second degree.

Chindlund made his initial appearance from his jail cell because he was still acting in an aggressive manner. Jail notes show that Chindlund was talking to himself in the mirror and accusing officers of breaking the law by tapping his phone lines. A jail note from August 2 recounts that Chindlund had calmed down and was behaving more respectfully that day. A jail note from August 9 stated that Chindlund was experiencing anxiety and requested to see a doctor. After his bond was reduced, Chindlund was released from jail on August 21. A month later,

Chindlund's probation officer filed a report of violation alleging that Chindlund had not contacted the department of correctional services and had not completed a required substance-abuse evaluation. An arrest warrant was issued on September 16, and Chindlund was arrested and jailed a few days later.

On September 21, Chindlund signed written waivers of rights and guilty pleas to assault while displaying a dangerous weapon, an aggravated misdemeanor in violation of Iowa Code sections 708.1(2)(c) and 708.2(3) (2020), and to criminal mischief in the third degree, an aggravated misdemeanor in violation of Iowa Code section 716.5. He asked the court to accept his pleas and waived his rights to personally appear before the court and to have the court address him personally. He also waived his right to move in arrest of judgment and asked that he be sentenced immediately. The paper pleas were presented to the court by counsel two days later. The court accepted the pleas, adjudged Chindlund guilty of the charges, and sentenced him to an indeterminate term of incarceration not to exceed two years on each count with the terms of incarceration to be run concurrently.

Chindlund appeals contending he suffers from "a mental health problem" and therefore his guilty pleas and waiver of rights were not voluntarily and intelligently given.[1]

---

[1] Other than taking the appeal, we cannot discern what relief Chindlund requests.

## II. Standard of Review.

Our court reviews whether a trial court should have ordered a competency hearing de novo. *State v. Einfeldt*, 914 N.W.2d 773 (Iowa 2018).

## III. Analysis.

This is a direct appeal from Chindlund's guilty pleas. Section 814.6(1)(a)(3) (2020) prevents defendants from challenging their guilty pleas for anything but a class "A" felony unless they establish "good cause." So our threshold question is whether Chindlund has good cause to appeal from his pleas. *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021).

Our supreme court has liberally interpreted good cause to mean the defendant need only show a "legally sufficient reason." *Id.* (quoting *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020)). What constitutes a legally sufficient reason is context specific. *Id*. In *Damme*, the court held, "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." 944 N.W.2d at 105. More recently, the court declined an invitation to expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right. *Tucker*, 959 N.W.2d at 153.

Chindlund does not address the section 814.6 good cause issue. Chindlund does not challenge his sentence, so *Damme* is of no help to him. *See* 944 N.W.2d at 105. Chindlund asserts his pleas were not intelligently or voluntarily made, so, at first blush, *Tucker* would seem to thwart him. But there is more. Chindlund claims his plea was not knowingly and intelligently made because he was suffering from a mental-health problem—thus alluding to a competency issue. *Tucker* did

not involve a competency issue, and our supreme court has not yet considered whether a defendant's claim of incompetence at the time of the guilty plea provides section 814.6 good cause for a direct appeal. This court has addressed the issue and concluded "that good cause exists to challenge competency at the time of the plea irrespective of whether the issue was contested below." *State v. Cue*, No. 19-2150, 2020 WL 6157813, at *3 (Iowa Ct. App. Oct. 21, 2020), *further review denied* (Dec. 22, 2020). Here, the State, citing *Cue*, "assumes without conceding" that a challenge to the defendant's competency to enter a guilty plea and waive a motion in arrest of judgment establishes good cause to appeal from a guilty plea. After all that, we find Chindlund has section 814.6 good cause to appeal from his pleas. So where does that leave us?

Throughout the district court proceedings, neither Chindlund nor his counsel mentioned Chindlund's competency. No one requested a competency hearing, and Chindlund does not ask for one on appeal. Being a paper plea, Chindlund did not appear before the court taking the plea. If one follows Chindlund's argument, apparently the district court was supposed to have divined from the minutes of testimony that Chindlund was incompetent to plead.

There is a presumption that a defendant is competent to stand trial, and the defendant has the burden to prove incompetence. *Cue*, 2020 WL 6157813, at *3 (citing *State v. Gaston*, No. 18-1293, 2020 WL 1307690, at *2 (Iowa Ct. App. Mar. 18, 2020)). But when questions arise about a criminal defendant's competency, section 812.3 lays out a procedural mechanism designed to ensure due process is satisfied. Section 812.3(1) provides that "at any stage of a criminal proceeding" a competency hearing is required when the district court finds probable cause that

there are "specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." The court may make a finding of probable cause either after application by the defendant or defendant's attorney, or after holding a probable cause hearing on its own motion. *Id.* "Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of [Chindlund]'s competency." *State v. Einfeldt*, 914 N.W.2d 773, 779 (Iowa 2018). Whether to hold a competency evaluation to determine a defendant's competency to stand trial presents a legal question; as a result, the trial court's discretion does not play a role. *Id.* Moreover, once a court finds a defendant competent to stand trial, the presumption of competency continues unless the defendant produces new evidence to the contrary. *State v. Mann*, 940 N.W.2d 450 (Iowa Ct. App. 2019).

As noted, neither Chindlund nor his attorney requested a competency evaluation. Should the district court have ordered a competency hearing on its own motion—or should we? To evaluate whether a hearing was required, we only consider those competency factors known to the court at the time of the guilty plea hearing. *See State v. Walton*, 228 N.W.2d 21, 23 (Iowa 1975). Factors in determining whether due process requires an inquiry into competency include (1) the defendant's irrational behavior, (2) demeanor at trial, and (3) any prior medical opinion on competence to stand trial. *State v. Lucas*, 232 N.W.2d 228, 232 (Iowa 1982). Since Chinlund did not appear before the district court, the record lacks any courtroom demeanor evidence. Our record also lacks any medical opinions on Chindlund's competency. So we are left to consider only evidence of

Chindlund's irrational behavior. While the minutes of testimony and attached jail notes show Chindlund was agitated, loud, disruptive, and destructive, nothing in the record before the court would alert it, or a reasonable person, to believe there was a substantial question of Chindlund's competency. So on our de novo review, and after applying applicable factors, we find no specific facts about Chindlund's competence that required the court to order a hearing on its own motion under section 812.3. Furthermore, on the record presented, Chindlund has failed to meet his burden to prove he was incompetent when his guilty plea was accepted. His claim is better suited for postconviction relief where an adequate record may be developed.

Chindlund also claims his plea was not voluntary and intelligently given because he was not given an adequate explanation of concurrent versus consecutive sentencing in his written pleas. This direct appeal claim is barred under section 814.6. *See Tucker*, 959 N.W.2d at 153.

Chindlund is entitled to no relief in this appeal. Thus, we affirm his convictions and sentences.

**AFFIRMED.**